**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Josie Coe, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:26-cv-0600 |
| | : | |
| vs. | : | Judge Marbley |
| | : | |
| Meigs County, et. al., | : | Magistrate Judge Vascura |
| | : | |
| Defendants. | : | **JURY DEMAND ENDORSED HEREON** |

**DEFENDANTS MEIGS COUNTY, OHIO, DONALD SCOTT FITCH, BRYER ROBERTSON, AND TROY SMITH'S ANSWER TO PLAINTIFF'S COMPLAINT**

Now come Defendants Meigs County, Ohio, Donald Scott Fitch, Bryer Robertson, and Troy Smith (collectively, "Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint, state as follows:

1. Answering Paragraphs 1 and 2 of Plaintiff's Complaint, these paragraphs contain statements of purpose or intent to which no responsive pleading is necessary or appropriate. To the extent that these paragraphs are deemed to allege facts against Defendants, Defendants deny said facts;

2. Answering Paragraph 3 of Plaintiff's Complaint, upon information and belief Defendants admit the assertions therein;

3. Answering Paragraph 4 of Plaintiff's Complaint, Defendants admit only that Meigs County, Ohio, is a political subdivision under Ohio law. Defendants deny the remainder of the allegations asserted therein;

4. Answering Paragraph 5 of Plaintiff's Complaint, Defendants admit only that at the time of the incident described in the Complaint, Defendant Fitch was the Sheriff of Meigs County,

Ohio, and is currently the Sheriff of Meigs County, Ohio. Defendants deny the remainder of the allegations asserted therein;

5. Answering Paragraphs 6 and 7 of Plaintiff's Complaint, Defendants admit the assertions contained therein;

6. Answering Paragraphs 8, 9, 10, and 11 of Plaintiff's Complaint, Defendants admit that this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and that venue is appropriate pursuant to 28 U.S.C. § 1391(b) and S.D. Civ.R. 82.1. Defendants deny that there is any claim conferring jurisdiction under 28 U.S.C. § 1343. Further answering, Defendants aver that they did not violate Plaintiff's constitutional rights and that declaratory relief under 28 U.S.C. §§ 2201 and 2202 is inappropriate. Defendants admit that some of Plaintiff's claims arise under 42 U.S.C. § 1983;

7. Answering Paragraph 12 of Plaintiff's Complaint, Defendants admit only that upon information and belief that Plaintiff Josie Coe is a resident of Meigs County, Ohio, and resides at 1680 Old State Rd., Coolville, Ohio. Defendants deny the remaining allegations contained therein for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

8. Answering Paragraph 13 of Plaintiff's Complaint, Defendants admit only that Plaintiff was arrested. Defendants deny that they beat or used excessive force against Plaintiff. Defendants aver that the force used to effectuate Plaintiff's arrest was reasonable under the circumstances;

9. Answering Paragraph 14 of Plaintiff's Complaint, Defendants admit the assertions contained therein;

10. Answering Paragraphs 15, 16, 17, 18, 19, and 20 of Plaintiff's Complaint, Defendants admit the assertions contained therein;

11. Answering Paragraph 21 of Plaintiff's Complaint, Defendants admit only that Coe accelerated as Defendant Robertson attempted to stop her vehicle and continued to flee before coming to a stop at 54875 State Route 681, Reedsville, Ohio 45772, and that the area is a rural area. Defendants deny the remainder of the allegations asserted therein;

12. Answering Paragraph 22 of Plaintiff's Complaint, Defendants admit only that Robertson's body worn camera began recording at 21:05:58 and Smith's body worn camera began recording at 21:05:06. Defendants deny the remaining allegations for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

13. Answering Paragraph 23 of Plaintiff's Complaint, Defendants admit that Coe failed to follow their orders to place her hands behind her back, that Coe punched Defendant Smith in the arm and attempted to grab his sidearm;

14. Answering Paragraphs 24 and 25 of Plaintiff's Complaint, Defendants deny the allegations asserted therein;

15. Answering Paragraph 26 of Plaintiff's Complaint, Defendants admit only that Plaintiff denied attempting to flee and resisting arrest. Defendants deny the remainder of the allegations asserted therein;

16. Answering Paragraph 27 of Plaintiff's Complaint, Defendants admit only that Defendant Robertson's Use of Force form identifies the taser deployment to the back. Defendants aver that Defendant Robertson deployed his taser against Plaintiff while she was actively resisting. Defendants deny the remainder of the allegations contained therein;

17. Answering Paragraph 28 of Plaintiff's Complaint, Defendants admit only that Defendant Robertson's Use of Force narrative states he deployed his taser by dry stunning Plaintiff in her lower back multiple times to gain control of Plaintiff's arms. Defendants aver that the body

camera footage corroborates that Plaintiff was tased while she was actively resisting while the officers were on top of her. Defendants deny the remainder of the allegations contained therein;

18. Answering Paragraph 29 of Plaintiff's Complaint, Defendants aver that Defendant Smith's supplemental narrative dated May 24, 2025, states in relevant part, "As I was still attempting to restrain Josie, I could feel my service weapon in my holster being tampered with. Before my service weapon was able to be retrieved by Josie, I was able to place 2 strikes to the side of her head in hopes to deter her from continuing to tamper with my weapon due to my taser being inoperable." Defendants deny the allegations asserted therein;

19. Answering Paragraph 30 of Plaintiff's Complaint, Defendants deny the allegations asserted therein for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

20. Answering Paragraph 31 of Plaintiff's Complaint, Defendants admit the assertions contained therein;

21. Answering Paragraph 32 of Plaintiff's Complaint, Defendants admit only that the officers muted their body cameras at times while speaking with one another. Defendants deny the remainder of the allegations asserted therein;

22. Answering Paragraphs 33, 34, and 35 of Plaintiff's Complaint, Defendants deny the allegations asserted therein for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

23. Answering Paragraphs 36 and 37 of Plaintiff's Complaint, Defendants admit upon information and belief that on May 23, 2025, a felony complaint by Defendant Robertson charging Plaintiff with felonious assault of a police officer and a separate misdemeanor complaint charging Plaintiff with failure to comply and resisting arrest were filed in the Meigs County Court.

Defendants deny the remainder of the allegations at this time for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

24. Answering Paragraph 38 of Plaintiff's Complaint, Defendants admit the assertions contained therein;

25. Answering Paragraph 39 of Plaintiff's Complaint, Defendants admit the assertions contained therein;

26. Answering Paragraph 40 of Plaintiff's Complaint, Defendants deny the allegations asserted therein;

27. Answering Paragraphs 41, 42, 43, and 44 of Plaintiff's Complaint, Defendants deny the allegations asserted therein for lack of knowledge sufficient to form an opinion as to the truth or falsity thereof;

28. Answering Paragraph 45 of Plaintiff's Complaint, Defendants deny the allegations incorporated therein not expressly admitted herein as true;

29. Answering Paragraph 46 of Plaintiff's Complaint, this paragraph contains statements of purpose or intent to which no responsive pleading is necessary or appropriate. To the extent this paragraph is deemed to allege facts against Defendants, Defendants deny said facts;

30. Answering Paragraphs 47, 48, and 49 of Plaintiff's Complaint, Defendants deny the allegations asserted therein;

31. Answering Paragraph 50 of Plaintiff's Complaint, Defendants admit only that Defendants Robertson and Smith were deputies with the Meigs County Sheriff's Office and acted under color of law. Defendants deny the remainder of the allegations asserted therein;

32. Answering Paragraph 51 of Plaintiff's Complaint, Defendants deny the allegations asserted therein;

33. Answering Paragraph 52 of Plaintiff's Complaint, Defendants deny the allegations incorporated therein not expressly admitted herein as true;

34. Answering Paragraph 53 of Plaintiff's Complaint, this paragraph contains statements of purpose or intent to which no responsive pleading is necessary or appropriate. To the extent this paragraph is deemed to allege facts against Defendants, Defendants deny said facts;

35. Answering Paragraphs 54, 55, 56, 57, and 58 of Plaintiff's Complaint, Defendants deny the allegations asserted therein;

36. Answering Paragraph 59 of Plaintiff's Complaint, Defendants deny the allegations incorporated therein not expressly admitted herein as true;

37. Answering Paragraph 60 of Plaintiff's Complaint, this paragraph contains statements of purpose or intent to which no responsive pleading is necessary or appropriate. To the extent this paragraph is deemed to allege facts against Defendants, Defendants deny said facts;

38. Answering Paragraphs 61, 62, 63, 64, 65, and 66 of Plaintiff's Complaint, Defendants deny the allegations asserted therein;

39. Answering Paragraph 67 of Plaintiff's Complaint, Defendants deny the allegations incorporated therein not expressly admitted herein as true;

40. Answering Paragraph 68 of Plaintiff's Complaint, this paragraph contains statements of purpose or intent to which no responsive pleading is necessary or appropriate. To the extent this paragraph is deemed to allege facts against Defendants, Defendants deny said facts;

41. Answering Paragraph 69 of Plaintiff's Complaint, Defendants admit only that Defendants Donald Fitch, Bryer Robertson, and Troy Smith were at all relevant times employees of Meigs County, Ohio. Defendants deny the remainder of the allegations asserted therein;

42. Answering Paragraph 70 of Plaintiff's Complaint, this paragraph contains statements of purpose or intent to which no responsive pleading is necessary or appropriate. To the extent this paragraph is deemed to allege facts against Defendants, Defendants deny said facts;

43. Answering Paragraphs 71 and 72 of Plaintiff's Complaint, Defendants deny the allegations asserted therein;

44. Further answering, Defendants deny each and every allegation of the Complaint not expressly admitted herein to be true;

**First Defense**

45. Defendants are entitled to immunity, including statutory, absolute, and qualified immunity. This includes, but is not limited to, the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744;

**Second Defense**

46. Some or all Defendants are not *sui juris*;

**Third Defense**

47. Plaintiff's summons is not sufficient;

**Fourth Defense**

48. Plaintiff failed to properly perfect service upon Defendants;

**Fifth Defense**

49. Plaintiff failed to mitigate her damages in whole or in part;

**Sixth Defense**

50. Plaintiff has failed to state a claim upon which relief may be granted;

**Seventh Defense**

51. Plaintiff's own contributory and/or comparative negligence may have caused or contributed to cause the injuries and damages of which she complains;

**Eighth Defense**

52. Plaintiffs' claims for damages may be barred, in whole or in part, by prior or subsequent intervening or superseding acts, omissions, or causes and/or by the acts or omissions of individuals or entities over whom these Defendants had no control or right of control;

**Ninth Defense**

53. Plaintiff is not entitled to recover some or all of the damages she seeks;

**Tenth Defense**

54. Some or all of Plaintiff's claims are barred by the applicable statute(s) of limitations;

**Eleventh Defense**

55. This Court lacks jurisdiction over some or all Defendants and/or lacks subject matter jurisdiction over all or some of Plaintiff's claims;

**Twelfth Defense**

56. Plaintiff has failed to join necessary and indispensable parties; and

**Thirteenth Defense**

57. Defendants hereby reserve the right to assert any other matter constituting an avoidance or affirmative defense for which discovery reveals a basis.

**WHEREFORE**, Defendants demand that Plaintiff's Complaint be dismissed at Plaintiff's cost and for all costs expended herein.

Respectfully submitted,

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz (0075306)
E-mail: ayosowitz@teetorlaw.com
DeGerald L. Edwards (0102083)
E-mail: dedwards@teetorlaw.com
**Teetor Westfall, LLC**
200 E. Campus View Blvd., Suite 200
Columbus, Ohio 43235
Tel: 614-412-4000; Fax: 614-412-9012
*Attorneys for Defendants*

## JURY DEMAND

A trial by jury comprised of the maximum number of jurors permitted by law is hereby demanded.

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz (0075306)

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz (0075306)